UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JACK DOHERTY,<br>    Plaintiff,<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF CORRECTIONS, AGNIESZKA JANICKA, UNCHEKUKQWU UGORJI,<br>    Defendants. | C.A. No. 1:24-cv-00346-MSM-AEM |

ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Jack Doherty, brings this civil rights action pursuant to 42 U.S.C. § 1983 and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. Mr. Doherty is an inmate at the Rhode Island Department of Corrections ("RIDOC"). Proceeding *pro se*, he claims that he was not adequately informed of the potential side effects when his anti-psychotic medication was changed in December 2021.

The defendants Agnieszka Janicka, M.D. and Unchekukqwu Ugorji, M.D. move to dismiss the plaintiff's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 21, 28, 30.) For the reasons below, the defendants' Motions to Dismiss are GRANTED IN PART and DENIED IN PART.

"To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Rivera v. Coyne-Fague*, No. CV 19-458-WES, 2021 WL 4476833, at *2 (D.R.I. Sept. 30, 2021) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009)). A complaint which "pleads facts that are merely consistent with a defendant's liability" is insufficient. *Id.* (citation and internal quotation marks omitted).

The allegations of a *pro se* litigant are held "to less stringent standards than formal pleadings drafted by lawyers . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But a litigant's "pro se status does not insulate [them] from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed." *Jefferson v. Raimondo*, No. CV 17-439 WES, 2018 WL 3873233, at *6 (D.R.I. Aug. 15, 2018).

The operative complaint is the Second Amended Complaint (ECF No. 7), as supplemented (ECF No. 10), which alleges constitutional violations and failure to obtain informed consent. Although Mr. Doherty makes claims under the FTCA, neither defendant is a federal official. Indeed, to bring a claim under the FTCA, the action must be brought against the federal government — the "executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States" and "employee[s] of the government." 28 U.S.C. § 2671. Given that neither Dr. Janicka nor Dr. Ugorji are employees of the federal government, Mr. Doherty's claims under the FTCA are

DISMISSED.

As for Mr. Doherty's claims under § 1983, the defendant doctors argue that he has failed to plausibly allege that they were acting under color of state law and that they exercised authority by virtue of state law. (ECF No. 22 at 4.) To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of United States and must show that alleged deprivation was committed by a person acting under color of state law. Acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). It is well-established that "a defendant in § 1983 suit acts under color of state law when he abuses position given to him by state." *Id.* at 49-50. As such, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Unlike in *West*, where the physician had a contract with the State of North Carolina to provide treatment to inmates, here, Doctors Janicka and Ugorji do not have a contract with the State of Rhode Island. *See* 487 U.S. at 56 (holding that doctor's contract with the state "bore an affirmative obligation to provide adequate medical care to [the plaintiff]"). Instead, Doctors Janicka and Ugorji provide services to inmates based on a contract between Rhode Island Hospital and RIDOC. But, "[i]t is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to

3

the State." *Id.* at 55-56. Courts have at times held that a doctor may still be considered a state actor as long as the doctor was obligated, to provide medical services to state inmates. *See, e.g., Brown v. Pangia*, 2014 WL 2211849, at *3-4 (S.D.N.Y. May 27, 2014).

To determine whether the defendants' actions are fairly attributable to the state such that they can be considered to have acted under color of state law, the First Circuit employs three tests: the state compulsion test, the nexus/joint action test, and the public function test. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 5 (1st Cir. 2005). Under the public function test, a private party is considered a state actor if, "in engaging in the challenged conduct, the private party performed a public function that has been traditionally the exclusive prerogative of the State." *Id.* Inmates like Mr. Doherty "are completely under the control of the state." *Logiodice v. Trustees of Maine Central Inst.*, 170 F. Supp. 2d 16, 26 (D. Me. 2001).

Mr. Doherty—at least at this early pleadings stage—has alleged sufficient facts to state a plausible claim of state action against the defendants in their individual capacities.

But to the extent that Mr. Doherty's claims are against Doctors Janicka and Ugorji in their official capacities, those claims are DISMISSED for failure to state a claim. Section 1983 does not allow for monetary damages against a defendant in their official capacity. *See Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991).

Finally, the plaintiff asserts claims for failure to obtain informed consent. He

4

alleges that the defendant doctors failed to advise him of the potential side effects of taking his medication including gynecomastia and weight gain. More specifically, he claims that "[b]y not adhering to the doctrine of informed consent RIDOC medical staff violated the 14th and 8th amendments of the constitution" infringing on his medical rights. (ECF No. 10 at 14.) Mr. Doherty further claims that "as a result of not providing [him] with foreknowledge of side effects, [he] was subject to suffering side effects that could have otherwise been prevented." *Id.*

"The Fourteenth Amendment may provide prisoners with a right to informed consent to medical treatment." *O'Mara v. New Hampshire State Prison for Men*, No. 22-CV-380-SM, 2023 WL 10477231, at *8 (D.N.H. Nov. 28, 2023), *report and recommendation adopted sub nom.*, No. 22-CV-380-SM-AJ, 2024 WL 1241905 (D.N.H. Mar. 21, 2024); *see also Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019) ("We now join all other circuits to have considered the question in holding that prisoners have a Fourteenth Amendment right to informed consent."). Indeed, a prisoner's "right to refuse medical treatment carries with it an implied right to the information necessary to make an informed decision about whether to refuse the treatment." *O'Mara*, 2023 WL 10477231, at *8.

To bring a claim for failure to provide informed consent, "the prisoner must show that he would have refused treatment had he been provided the information that a reasonable patient would view as necessary to make an informed decision." *Id.* The prisoner must also demonstrate the defendant acted with deliberate indifference to their right to refuse medical treatment. *Id.* at 343. At this stage, Mr. Doherty's

5

claim that he would have refused treatment had he been provided the information necessary to make an informed decision is sufficiently alleged to set forth a plausible claim.

Finally, Dr. Ugorji raises the issue of qualified immunity, a defense to § 1983 claims available to public officials. *See Guzman-Rivera v. Rivera-Cruz*, 98 F.3d 664, 666 (1st Cir. 1996). But because it remains to be determined whether either doctor qualifies as a public official, the Court defers on the question of qualified immunity.

In sum, the defendants' Motions to Dismiss (ECF Nos. 21, 28, 30) are GRANTED as to Mr. Doherty's FTCA claims and the claims brought against the defendants for money damages in their official capacities. The Motions are otherwise DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge

September 22, 2025

6